```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
ANTHONY MANDLER,                    :    Case No. 05cv2084(NRB)
                                    :    ECF CASE
            Plaintiff,              :
                                    :    COMPLAINT
                                    :
            vs.                     :
                                    :
J PAT MANAGEMENT INC., PLATINUM     :
FINANCIAL GROUP LLC, MTV NETWORKS,  :
SAMSUNG ELECTRONICS AMERICA, INC.,  :
AND VERIZON WIRELESS LLC.           :
                                    X
            Defendants.
-----------------------------------
```

Plaintiff complains against Defendants as follows:

<u>JURISDICTION, VENUE AND THE PARTIES</u>

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 1138(a) in that a controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §101 et. seq.), which is within the exclusive jurisdiction of the federal courts pursuant to 28 U.S.C. §1367.

2. Plaintiff Anthony Mandler is a citizen of the United States, and his principal place of business is 2148 Federal Ave, Suite B, Los Angeles, CA 90025. Plaintiff is a professional photographer.

3. Upon information and belief, defendant J Pat Management Inc. is a Georgia Corporation ("JP") which maintains its principal place of business at 1800 Peachtree Street. N.W.,

Suite 1500, Atlanta Georgia  30309. JP is the agent of Usher Raymond IV ("Usher").

4. Upon information and belief, Defendant Platinum Financial Group, LLC ("Platinum") is a Florida financial institution or financial services company which maintains its principal place of business at 8669 Baypine Road, Suite 200, Jacksonville Florida 32256.

5. Upon information and belief, MTV Networks ("MTV"), a television network which maintains its principal place of business at 1515 Broadway, New York, New York 10036.

6. Upon information and belief, Samsung Electronics America Inc. ("Samsung") is a telephone and electronics manufacturer which maintains its principal place of business at 105 Challenger Road, Ridgefield, NJ 07660.

7. Upon information and belief, Verizon Wireless LLC ("Verizon") is a telephone company which maintains its principal place of business at 180 Washington Valley Road, Bedminster, NJ 07921.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a) and 1400(a).

## GENERAL ALLEGATIONS

9. Plaintiff is an internationally known photographer whose subjects have included Val Kilmer, Owen Wilson, Daryl Hannah, The Beastie Boys, Eminem, Dr. Dre, Sean Combs, Mary J Blige, Orlando Bloom, and Ashton Kutcher among many other notable celebrities.  Plaintiff's photographs have appeared in *Rolling*

2

*Stone*, *Vibe*, *Entertainment Weekly*, *Details*, *Flaunt* and many other publications and have been used in connection with artist's albums for many record companies, including Sony, Universal, Geffen, Interscope, Virgin Records, Arista and Warner Brothers.  Plaintiff's photographs have also been used in advertising campaigns for major companies, including Nike, Reebok, HBO and Budweiser.

    10.  Usher is an internationally known recording artist who has sold millions of albums throughout the world.

    11.  On or about August 14, 2003, plaintiff entered into an agreement with Arista Records (the "Arista Contract") to conduct a photography session with Usher (the "Usher Shoot") to produce photographs for use on album packaging for a 2004 Usher album.  A copy of the Arista Contract is attached hereto as Exhibit A.

    12.  Plaintiff was paid a fee of $15,000 plus the expenses of the Usher Shoot in exchange for granting to Arista the following rights to reproduce the Usher Photographs, set forth in paragraph 5 of the Arista Contract:

> <u>Album Rights</u>: The right to use the [Usher Photographs] on packaging for and as part of phonographic records (including without limitation, LPS, EPs and singles)in any and all configurations (i.e. vinyl disc records, pre-recorded audio cassette tapes, compact discs, pre-recorded video cassette tapes, and all other forms of audio and audiovisual reproduction now or hereafter known [collectively "records"] on if only not for sale printed sheet music, on record marketing materials, in promotional materials and in advertising for 2004 Album only.

3

  Publicity Rights: The right to use the [Usher Photographs] for all publicity advertising purposes (including without limitation, all publicity and advertising in newspapers, magazines and on television, and publicity and advertising for the artist's personal appearances). In addition, Publicity Rights shall include the right to use the [Usher Photographs] on if only not for sale printed sheet music for and in correlation w/2004 Album only.

13.   The Arista Contract excluded the right to reproduce the photographs for "merchandising for sale," or for any other purpose.

14.   Plaintiff is the holder of the copyright to all photographs of Usher taken by plaintiff at the Usher Shoot, including but not limited to the seven photographs attached hereto as Exhibit B (the "Usher Photographs").

15.   Copyrights for the Usher Photographs were duly filed with the United States Copyright Office on February 1, 2005.

16.   Defendants have each infringed upon Plaintiff's copyrights.

<u>FIRST CLAIM FOR RELIEF</u>

(against defendant JP)

17.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if fully set forth herein.

18.   On or about July 7, 2004, plaintiff entered into an agreement with defendant JP (the "JP Agreement"), a copy of which is attached hereto as Exhibit C. Plaintiff granted to JP the following limited right to reproduce only four of the Usher Photographs for "merchandise/merchandising usage (commercial)

4

such as books, T-shirts, hats, tour programs, calendars, posters, fan club member and purchase cards."

    19.  JP copied the Usher Photographs without authorization as follows:

       a. JP copied and used seven Usher photographs for merchandising purposes, not four photographs as permitted by the JP Agreement.

       b. JP copied and used Usher Photographs for advertising and promotion for the Usher "Truth Tour," in the following media: magazines, internet, posters and outdoor advertising, which uses were not authorized by the JP Agreement.

       c. JP copied and used Usher Photographs for advertising and promotion for an Usher debit credit or credit card, in the following media: magazines, internet, posters and outdoor advertising, which uses were not authorized by the JP Agreement.

       d. JP copied and used Usher Photographs for advertising and promotion for cellular phones and cellular telephone services, which uses were not authorized by the JP Agreement.

    20.  Plaintiff has incurred actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

## SECOND CLAIM FOR RELIEF

(against defendant Platinum)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant Platinum copied and used the Usher Photographs without authorization for advertising and promotion for an Usher debit credit or credit card, in the following media: magazines, internet, posters and outdoor advertising.

23. Plaintiff has incurred actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

## THIRD CLAIM FOR RELIEF

(against defendant MTV)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant MTV copied and used the Usher Photographs without authorization for advertising and promotion for the Usher Truth Tour, in the following media: magazines, internet, posters and outdoor advertising.

26. Plaintiff has incurred actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

<u>FOURTH CLAIM FOR RELIEF</u>

(against defendants Samsung and Verizon)

27.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.  Defendants Samsung and Verizon copied and used the Usher Photographs without authorization for advertising and promotion for cellular telephones and wireless telephone service, in the following media: magazines, internet, posters and outdoor advertising.

29.  Plaintiff has incurred actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

<u>FIFTH CLAIM FOR RELIEF</u>

30.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31.  Plaintiffs are entitled to a permanent injunction ordering Defendants to cease and refrain from any publication or exploitation of the Usher Photographs and to deliver to Plaintiff all property in their possession or control embodying or containing the Usher Photographs or any element thereof.

WHEREFORE, Plaintiff demands judgment as follows:

    a.  On the first claim for relief against defendant JP, actual damages in an amount to be proven at trial, or

7

      in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

b. On the second claim for relief against defendant Platinum, actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

c. On the third claim for relief against defendant MTV, actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

d. On the fourth claim for relief against defendants Samsung and Verizon, actual damages in an amount to be proven at trial, or in the alternative, Plaintiff is entitled to statutory damages, plus attorneys' fees and interest as allowed by law.

e. On the fifth claim for relief, a permanent injunction ordering Defendants to cease and refrain from any publication or exploitation of the Usher Photographs and to deliver to Plaintiffs all property in their possession or control embodying or containing the Usher Photographs or any element thereof;

  f. Awarding such other relief as this Court deems just and proper.


Dated this ___ day of February , 2005

            By:_____
              Kenneth Sussmane (KS 9301)
              McCue Sussmane & Zapfel, P.C.
              Attorneys for Plaintiffs
              521 Fifth Avenue
              28th Floor
              New York, New York 10175
              Telephone: (212) 931-5500
              ksussmane@mszpc.com

<u>Defendants' Addresses:</u>

J Pat Management
1800 Peachtree Street,
NW Suite 1500
Atlanta, Georgia 30309

Platinum Financial Group, LLC
8669 Baypine Road, Suite 200
Jacksonville, Florida 32256

MTV Networks
1515 Broadway
New York, NY 10035

Samsung Elecontics America
105 Challenger Road
Ridgefield, NJ 07660

Verizon Wireless LLC
180 Washington Valley Road
Bedminster, NJ 07921